# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| FLOR IDALMA MALDONADO-DUARTE | CIVIL ACTION NO. 26-0068 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAMELA BONDI, ET AL. | MAGISTRATE JUDGE LEBLANC |

## ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 3) filed by the habeas petitioner in this case, Flor Idalma Maldonado-Duarte ("Petitioner"). Petitioner entered the United States in November 2022. According to the pleadings, on December 30, 2025, Petitioner was detained by the Department of Homeland Security ("DHS") while riding as a passenger in her fiancé's commercial vehicle at a weigh station in Louisiana. See Record Document 1 at 11. Petitioner alleges that she was not engaged in any unlawful activity at the time of her detention and that her fiancé is a United States citizen. See id. at 12. Petitioner further represents that she is pregnant with twins and is experiencing serious pregnancy-related medical complications. See id. at 27–28.

On January 8, 2026, Petitioner filed this Habeas Petition (Record Document 1) followed by the instant Motion on the same day. The Habeas Petition challenges the legality of Petitioner's immigration detention and seeks declaratory and injunctive relief. Specifically, Petitioner asks the Court to declare her detention unlawful under 8 U.S.C. §§ 1225 and 1226(a), to order her immediate release, or, in the alternative, to require the agency to provide a bond redetermination hearing pursuant to § 1226(a). The instant motion seeks expedited consideration and a temporary restraining order directing

Petitioner's release from custody and, alternatively, compelling a bond hearing, based on alleged constitutional and statutory violations and her asserted emergent medical circumstances.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See <u>Misquitta v. Warden Pine Prairie ICE Processing Center</u>, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See <u>Moore v. Brown</u>, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See <u>Albright v. City of New Orleans</u>, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also <u>Suburban Propane, L.P. v. D & S GCTX LLC</u>, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also <u>Anderson v. Jackson</u>, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner seeks immediate injunctive relief that substantially mirrors the relief requested in her Habeas Petition. To the extent Petitioner asks this Court to order her release from custody or to compel an expedited bond hearing, the Court views this request as an effort to obtain a ruling on the merits of the habeas petition through

injunctive relief. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Although the Court is not unsympathetic to Petitioner's allegations regarding her medical condition, Petitioner has not carried her burden of establishing that the extraordinary remedy of a temporary restraining order is warranted at this stage of the proceedings. The case will proceed on an expedited briefing schedule before Magistrate Judge LeBlanc when the Respondents have been served.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 3) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of January, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE